CULPEPPER, Judge
(dissenting).
I respectully dissent from the majority decision in these companion cases, insofar as it finds that Miss Judy Menard, driver of the Menard vehicle, was free of negligence. She clearly violated the traffic safety statute prohibiting parking on the paved part of the highway, LSA-R.S. 32:141. Also, under the general law of negligence, she created an unreasonably great risk of foreseeable harm to others using the highway.
There is no dispute as to the facts. When these three young ladies left Lima Lounge, at about 1:00 a.m., the engine of their car would not start until several friends pushed it along the highway. After driving a short distance, the engine started missing and the car began to jerk and buck. Finally it slowed down to a speed of approximately IS miles per hour. Judy Menard admits she knew the car was going to stop, yet she continued to drive a distance of almost one-half a mile with the car missing, j erking and bucking. She testified as follows:
“A. T knew it was coming to a stop, but it was a dark area and I didn’t want to stop there with just three girls in the car. I was only one mile from the city limits of Lafayette and I was trying to make it home — make it back to the city limits.’ ”
Judy Menard was familiar with the road and knew that she was approaching a hill where the car might not be able to ascend the incline. She also knew there was a wide shoulder where she could easily have parked the car. Yet she made no attempt to get the car off the road. She continued until the car stopped on the paved and main traveled portion of the highway, in complete darkness. On modern high speed highways this creates a great hazard.
LSA-R.S. 32:141, subd. A provides in pertinent part that “no person shall stop, park or leave standing any vehicle * * * upon the paved or main traveled part of the highway when it is practicable'to stop, park or so leave such vehicle off such part of said highway * * There can be no question that Judy Menard violated these provisions. She stopped and parked on the pavement when she could easily have stopped on the shoulder.
Paragraph B of this Statute provides that it “shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of the highway so that it is impossible to. avoid stopping and temporarily leaving the vehicle in that position.” Certainly it was not “impossible” for Judy Menard to park on the shoulder. This is not a case of a vehicle suddenly developing motor trouble and stopping before it can be driven off the main traveled portion of the highway. This automobile missed, jerked and bucked for almost one-half a mile and the driver admittedly knew it was going to stop.
Apparently the district judge and the authors of the majority opinion in this court think that Judy Menard should be excused, because she did not “relish being stranded on the highway at night.” I certainly sympathize with the feelings of the young lady, but I cannot agree that this is a legal *141 excuse for violating a statute designed to protect the safety of those using the highway.
For the reasons assigned, I respectfully dissent.